UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CLERK'S OFFICE U.S. DIST COURT
AT HARRISONBURG VA
FILED

MAY 04 2017

JULIA C. DUDLEY, CLERK
BY: /s/ Kotra
    DEPUTY CLERK

| | |
|---|---|
| PAMELA W. ZENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, LP | ) Civil Action No. 5:17CV00045 |
| a Delaware limited partnership, | ) |
| | ) |
| and | ) |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

COMPLAINT
(Jury Trial Demanded)

The Plaintiff, Pamela W. Zens, by counsel, complaining of the Defendants, Wal-Mart Stores East, LP and Wal-Mart Associates, Inc., alleges and says:

NATURE OF THE ACTION

1. The Plaintiff, Pamela W. Zens ("Plaintiff" or "Ms. Zens"), brings this action for legal and equitable relief to correct and remedy her employers' unlawful and discriminatory employment practices during the course, and in the termination, of her employment. Plaintiff brings this action to make her whole and compensate her for her employers' violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, *et seq.*, 42 U.S.C. § 1981, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* (the "ADA").

## JURISDICTION AND VENUE

2. Jurisdiction is founded in this case upon 28 U.S.C. §§ 1331, 1343, 29 U.S.C. § 626, 42 U.S.C. § 1981, 42 U.S.C. § 2000e(5), and 42 U.S.C. § 12117. The demand for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3. The unlawful employment practices complained of herein occurred, and the employment records relevant to this matter are maintained and administered, within the Western District of Virginia, and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) and (c).

## ADMINISTRATIVE PROCEEDINGS

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination by Wal-Mart on December 15, 2015 on the basis of age, sex, disability and race, a true copy of which is attached hereto and marked Exhibit 1. The EEOC issued Plaintiff a dismissal and Notice of Rights letter on February 3, 2017.

5. Plaintiff received the Notice of Rights letter on or around February 6, 2017 and initiated this action within 90 days of the date that she received the Notice of Rights letter.

6. All administrative conditions precedent to the filing of this lawsuit have been performed or have occurred.

## PARTIES

7. Plaintiff is a 68 year old African American female. She is a citizen of the United States and a resident of Broadway, Rockingham County, Virginia.

8. At all relevant times, Plaintiff was an "employee" within the meaning of and entitled to the protections of Title VII, an "employee" within the meaning of the

ADEA and a "qualified individual" within the meaning of the ADA pursuant to 42 U.S.C. § 12111(8).

9. Defendant Wal-Mart Stores East, LP is, and at all relevant times was, a Delaware limited partnership with its principal office located in Bentonville, Arkansas. Defendant Wal-Mart Associates, Inc. is a Delaware corporation with a principal office located in Bentonville, Arkansas.

10. At all relevant times, Defendant Wal-Mart Stores East, LP and Wal-Mart Associates, Inc. were engaged in retail sales with numerous retail store locations throughout the Commonwealth of Virginia and the United States. At all relevant times, Defendants together operated retail store location in Luray, Page County, Virginia designated as Wal-Mart Store #2564, which is within the Harrisonburg Division of this District. Defendants jointly employed Plaintiff at the Luray Wal-Mart. Together, both Defendants will be referred to as "Defendant" or "Wal-Mart".

11. At all relevant times, each of the Defendants was and is an employer engaged in an industry affecting commerce with 500 or more employees for each working day in each of twenty or more calendar weeks in each relevant calendar year.

12. At all relevant times, each Defendant was an "employer" within the meaning, and subject to the provisions, of the ADA pursuant to 42 U.S.C. § 12111(5)(A).

13. At all times relevant to the matters alleged herein, each of Defendant's agents and employees were acting during the course and within the scope of their employment or agency and with the knowledge and consent of the Defendant.

## FACTS

14. Ms. Zens began working for Wal-Mart in or around 2001. She performed her job well and met all of the legitimate expectations of Wal-Mart, rising to the position

3

of assistant manager in 2007. Ms. Zens was assigned as an assistant store manager to Wal-Mart's Luray retail store in or around 2010.

15. Ms. Zens was the oldest assistant manager at the Luray store by at least a decade, and she was the only African American female. In addition, Ms. Zens is a lung cancer survivor. As a result of her cancer, she continues to suffer from chronic pain and takes numerous medications for her chronic health condition.

16. Plaintiff performed her duties in a competent and satisfactory manner during her employment with Wal-Mart and met Wal-Mart's legitimate expectations. Ms. Zens was able to perform the essential functions of her job with or without reasonable accommodation.

17. Ms. Zens' health conditions were and are chronic physical impairments that substantially limit one or major life activities, including normal cell development. Plaintiff has a record of such impairments and/or Wal-Mart regarded Ms. Zens as having such impairments. At all times relevant to the matters alleged herein, Ms. Zens' health condition constituted a disability within the meaning of the ADA.

18. During Ms. Zens' employment at the Luray store location, Wal-Mart announced plans to construct and operate a store location in Timberville, Virginia, near Ms. Zens' home which would make her commute easier for her. Her store manager was aware of Ms. Zens' desire to transfer to the new store when it opened.

19. Wal-Mart, through its supervisory agents and employees, was aware of Plaintiff's disability.

20. Prior to April 13, 2015, management at Wal-Mart arranged for the transfer of a new assistant manager into the Luray store. This caused the store to be overstaffed with assistant managers.

21. Several weeks prior to the transfer of the new assistant manager, a male Wal-Mart asset protection manager (APM) was assigned to the Luray store. He began following Ms. Zens around, hyperscrutinizing her work in the same way assistant managers are trained to watch for shoplifters. The APM was not hyperscrutinizing the other managers.

22. After April 13, 2015 and a few days prior to April 22, 2015, the store manager of the Luray store, Angela Walters (a white female under 50), came into the office where Ms. Zens was working and asked Ms. Zens her age which at the time was 66. That was the only question Ms. Walters asked before turning and exiting the office.

23. Wal-Mart allows, and even encourages, its employees to purchase store items, including items that have been marked down. It was not necessary for employees to verify when the markdown occurred in order to purchase the items.

24. The only exception to purchasing a markdown item was Wal-Mart's practice that an employee could not herself mark an item down and then purchase it within 24 hours. In addition, if the marked down item was defective or damaged, then the employee was required to wait 24 hours to purchase it. See Exhibit 2, attached.

25. On or around April 13, 2015, Ms. Zens purchased some toothbrush kits that had been marked down to $.59. The purchase of these items complied with Wal-Mart's policies then in existence.

5

26. The toothbrush kits had been marked down by Wal-Mart's home office. Therefore, Ms. Zens had not been the employee who marked the item down. Additionally, the toothbrush kits were not damaged or defective in any way. As a result, under Wal-Mart's written policies, as well as its practices, the items were immediately available for Ms. Zens' purchase.

27. In this case, Plaintiff had not violated any Wal-Mart policies or practices.

28. On or around April 22, 2015, Ms. Zens was confronted by the Market Asset Protection Manager, a young white female, and told that Wal-Mart was terminating her employment because she had purchased the toothbrush kits, which were a home office mark down item, prior to giving customers twenty-four hours to purchase the item. Based on Wal-Mart's express written policy, there was no twenty-four hour wait period before the items were purchased.

29. Wal-Mart employees, including the male managers, regularly purchased marked down items without verifying that any 24-hour period had passed.

30. Ms. Zenss objected to the termination because she had not violated any Wal-Mart policy or practice. She then was told by the Market Asset Protection Manager that Plaintiff was dismissed from her duties as an assistant manager and that an investigation would be done.

31. The termination violated Wal-Mart's policies in a number of respects, including that the offense alleged (even if there had been one), did not provide for termination, or indeed any discipline, but rather for Wal-Mart to require the return of the merchandise. Wal-Mart did not even suggest that as an alternative, but rather, summarily fired Ms. Zens based on pretextual grounds. Wal-Mart's disciplinary guidelines also

encourage managers to use measures less draconian than termination before resorting to such ultimate discipline, but Wal-Mart ignored its policy in this case. In addition, Wal-Mart violated its own policies by terminating Plaintiff before performing an investigation, and by failing to involve its Human Resources department before making a disciplinary decision.

32. On or around May 4, 2015, Wal-Mart, through its store manager, Angie Walters, called Ms. Zens and said that the termination would stand. Ms. Walters now stated that the reason for the termination was that Ms. Zens had violated the Associate Purchase Policy by not changing the display sign on the sales floor at the toothbrushes to reflect the sales price. That statement was false, and Ms. Walters knew it was false.

33. Later, Wal-Mart contended that Ms. Zens had been told to mark the price up for the toothbrushes. That statement also was false. Wal-Mart's pricing is governed by the Telxon, a hand-held scanner, which reflected the $.59 price for the items. Wal-Mart directs its associates, including managers, to use the Telxon to verify pricing. Ms. Zens had done so, and Wal-Mart knew that the price paid correctly reflected the price for the items.

34. In its position statement to the Equal Employment Opportunity Commission, Wal-Mart claimed that Ms. Zens did not adjust the price on the floor display so that customers could take advantage of the markdown, just as Ms. Walters contended. That statement is false. Ms. Zens directed an associate to make the price adjustment on the floor display, and the associate promptly did so after Ms. Zens used the Telxon to confirm the price from the home office.

35. Based upon Wal-Mart's disciplinary policies, even if there had been a violation of the Associate Purchase Policy, which had not occurred here, Wal-Mart imposed discipline not called for under the policy, and in addition, it could have allowed Ms. Zens to keep her job.

36. Other employees, including, a white female department manager who is significantly younger than Ms. Zens, and has no disability, also purchased the same toothbrush kit at the same price and was not terminated or otherwise disciplined.

37. Ms. Zens followed all policies, practices or procedures in relation to employee purchases. Wal-Mart's reasons for the termination of Ms. Zens' employment were pretext for its discrimination based on age, sex, disability and/or race.

38. As a result of Wal-Mart's actions, Ms. Zens has suffered loss of income and loss of benefits, including health insurance.

39. As a result of Wal-Mart's actions, Ms. Zens has suffered severe emotional distress, humiliation, embarrassment, injury to her reputation, and other damages.

COUNT I-Violations of the ADEA

40. Ms. Zens incorporates by reference and realleges Paragraphs 1-39 as if fully set forth here.

41. Ms. Zens is an "employee" and a "person" as defined by 29 U.S.C. § 630.

42. Wal-Mart, and each Defendant, is an "employer" and "person" defined by 29 U.S.C. § 630.

43. Ms. Zens was qualified for her position as assistant store manager and successfully performed her job responsibilities until her termination. At the time of her termination, she was employed as assistant store manager of the Luray Wal-Mart, and was 66 years of age.

44. Ms. Zens was and is a member of a class of person protected by the ADEA in that at the time she was treated adversely by Wal-Mart on account of her age, she was 40 years or older and had been employed in the United States by Wal-Mart.

45. Wal-Mart unfairly disciplined; deviated from its written and unwritten employment policies, practices and procedures; terminated and refused to re-hire Plaintiff for open positions for which she was qualified, because of her age.

46. Wal-Mart replaced Ms. Zens with a white female who was at least 15 years younger than Ms. Zens.

47. Wal-Mart intentionally, willfully, wantonly, recklessly, and maliciously discriminated against Ms. Zens because of her age with respect to the terms, conditions and privileges of her employment, including but not limited to unfairly disciplining her, deviating from its written policies, practices, and procedures, terminating her employment and refusing to rehire her into open positions for which she was qualified, in violation of the ADEA.

48. As a direct and proximate result of the acts and practices of Wal-Mart, its agents and employees set forth herein, Ms. Zens has suffered and continues to suffer injury and damage, including loss of employment and past and future loss and denial of income, including wages, healthcare benefits, and other employment benefits, liquidated damages, attorneys' fees and expert fees, costs and interest.

COUNT II-Violations of 42 U.S.C. § 2000e, *et seq.* (Race)

49. Ms. Zens incorporates by reference and realleges Paragraphs 1-48 as if fully set forth here.

50. Defendant Wal-Mart discriminated against Ms. Zens in the terms, conditions and privileges of her employment on the basis of her race in violation of Title VII, including by terminating her from her job because she is African American.

51. Defendant Wal-Mart discriminated against Ms. Zens on the basis of her race in violation of Title VII by holding her to standards different from those applied to and/or not required of white employees.

52. Defendant Wal-Mart's conduct has been disparate, intentional, deliberate, willful, and conducted in callous and/or reckless disregard of Ms. Zens' civil rights.

53. As a result of Defendant Wal-Mart's discrimination, Ms. Zens has suffered emotional and economic harm.

54. As a direct and proximate result of Defendant Wal-Mart's conduct, Ms. Zens has suffered, continues to suffer, and will in the future suffer great humiliation, distress, embarrassment, inconvenience, pain and suffering, mental anguish, loss of enjoyment of life, injury, and non-pecuniary damages, including damage to her reputation and good will.

55. Additionally, Ms. Zens has suffered loss of income, loss of employment, loss of earning capacity, and loss of employee benefits and their value. Further, Ms. Zens has sustained litigation expenses, including attorney fees, and consequential damages, and other injuries.

### COUNT III-Violations of 42 U.S.C. § 2000e, *et seq.* (Sex)

56. Plaintiff incorporates by reference and realleges Paragraphs 1-55 as if fully set forth here.

57. Defendant Wal-Mart discriminated against Ms. Zens in the terms, conditions and privileges of her employment on the basis of her sex in violation of Title VII, including by terminating her from her job because she is a female.

58. Defendant Wal-Mart discriminated against Ms. Zens on the basis of her sex in violation of Title VII by holding her to standards different from those applied to and/or not required of male employees.

59. Defendant Wal-Mart's conduct has been disparate, intentional, deliberate, willful, and conducted in callous and/or reckless disregard of Ms. Zens' civil rights.

60. As a result of Defendant Wal-Mart's discrimination, Ms. Zens has suffered emotional and economic harm.

61. As a direct and proximate result of Defendant Wal-Mart's conduct, Ms. Zens has suffered, continues to suffer, and will in the future suffer great humiliation, distress, embarrassment, inconvenience, pain and suffering, mental anguish, loss of enjoyment of life, injury, and non-pecuniary damages, including damage to her reputation and good will. Additionally, she has suffered loss of income, loss of employment, loss of earning capacity, and loss of employee benefits and their value. Further, Ms. Zens has sustained litigation expenses, including attorney fees, and consequential damages, and other injuries.

COUNT IV-Violations of 42 U.S.C. § 1981 (Race)

62. Ms. Zens incorporates by reference and realleges Paragraphs 1-61 as if fully set forth here.

63. Ms. Zens had the right to make and enforce contracts and to the equal protection of the law, regardless of her race and to the same extent as whites, pursuant to 42 U.S.C. § 1981.

64. Wal-Mart, by its actions, has denied Ms. Zens the rights secured to her by 42 U.S.C. § 1981, for which she seeks appropriate declaratory and injunctive relief, compensatory damages, and back pay against Wal-Mart, together with prejudgment interest and her costs, including attorneys' fees.

65. Wal-Mart acted with malice and/or with reckless indifference to Ms. Zens' federally protected rights to be free from unlawful discrimination, and Plaintiff is entitled to punitive damages.

66. As a consequence of the acts and omissions of Wal-Mart, Ms. Zens has suffered, continues to suffer and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering and loss of enjoyment of life.

67. As a consequence of Wal-Mart's conduct, Ms. Zens is entitled to recover attorneys' fees, costs and other expenses of litigation.

### COUNT V-Violations of the ADA

68. Plaintiff incorporates by reference and realleges Paragraphs 1-67 as if fully set forth here.

69. The ADA Amendment Act of 2008 (ADAAA) applies to Plaintiff's ADA claims of wrongful termination on the basis of disability because Defendant Wal-Mart's actions took place after the effective date of the ADAAA. Pub. L. 110-325, § 8, 122 Stat. 3553 (Sept. 25, 2008), codified at 42 U.S.C. § 12101 (Note).

70. In 2011, Ms. Zens had surgery to remove three-quarters of her lung due to her lung cancer. As a result of the surgery, she lost a significant portion of her chest wall. She was put on and continues to take numerous medications to treat her symptoms, including significant pain. She has restrictions against heavy lifting, pushing or pulling.

71. Under the ADA, Ms. Zens' lung cancer must be assessed in its active state, not in remission. 42 U.S.C. § 12102(4)(D); 29 C.F.R. § 1630.2(j)(1)(vii). Furthermore, her disability must also be assessed without regard to mitigating measures like medical treatments and medications. 42 U.S.C. § 12102(4)(E)(i); 29 C.F.R. § 1630.2(j)(1)(vi). In its active state, Plaintiff's physiological condition, lung cancer, is a disability as defined by the ADAAA because it is an impairment that would substantially limit her in various major life activities, including her normal cell functioning. In its untreated and active state, Plaintiff's cancer would result in explosive and uncontrolled cell growth, leading to its spread to other parts of her body and causing bleeding, sickness, pain and death.

72. Among other things, Defendant:

a. terminated Plaintiff's employment based upon Ms. Zens' disability, whether actual, through the record of Ms. Zens' substantially limiting impairment, or Wal-Mart having regarded Ms. Zens as having such impairments;

12

  b. terminated Ms. Zens' employment based on the need to make reasonable accommodations for Ms. Zens' disability in the future, including to transfer her to the Timberville store upon its opening;

  c. used Ms. Zens' disability, whether actual or through a perception of disability and/or her record of having a substantial impairment of major life activities, as negative factors in consideration of her job performance and anticipated future performance; and

  d. applied policies and procedures disparately against Ms. Zens, and otherwise discriminated against Ms. Zens based upon disability under the ADA.

73. The reasons given for the termination of Ms. Zens' employment were discriminatory and based on Ms. Zens' disability.

74. Ms. Zens was and is qualified for the job she was performing as an assistant store manager because she satisfies the skills, experience and other job-related requirements for the position as well as other positions at Wal-Mart.

75. At all relevant times, Ms. Zens was able to perform the essential functions of the position she was occupying with or without reasonable accommodation.

76. Wal-Mart's intentional discrimination was with respect to Ms. Zens' terms, conditions, and privileges of employment and resulted in the termination of her employment with Wal-Mart because of disability.

77. As a consequence of Wal-Mart's intentional discrimination based on disability, Ms. Zens has suffered, continues to suffer, and will in the future suffer great emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, damage to reputation, and loss of enjoyment of life.

78. As a consequence of Wal-Mart's actions, Ms. Zens has lost wages and other financial incidents and benefits of employment, and Ms. Zens will continue to suffer such losses.

79. As a consequence of the acts and omissions of Wal-Mart, Ms. Zens has incurred and will continue to incur attorneys' fees, costs, and other litigation expenses.

80. Wal-Mart engaged in the discriminatory practices complained of with malice or with reckless indifference to Ms. Zens' federally protected rights under the ADA.

81. Ms. Zens is entitled to recover punitive damages and for other damages which she has suffered.

COUNT VI-Intersectional Discrimination

82. Ms. Zens incorporates by reference and realleges Paragraphs 1-81 as if fully set forth here.

83. Wal-Mart has discriminated against Ms. Zens in the terms, conditions and privileges of her employment on the basis of her age, race, sex and disability, or combinations of two or more of those characteristics, which discrimination constituted unlawful employment practices under Title VII, the ADEA and the ADA, and included the termination of her employment.

84. As a consequence of Wal-Mart's intentional discrimination, Ms. Zens has suffered, continues to suffer, and will in the future suffer great emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, damage to reputation, and loss of enjoyment of life.

85. As a consequence of Wal-Mart's discriminatory actions, Ms. Zens has lost wages and other financial incidents and benefits of employment, and Ms. Zens will continue to suffer such losses.

86. As a consequence of the acts and omissions of Wal-Mart, Ms. Zens has incurred and will continue to incur attorneys' fees, costs, and other litigation expenses.

87. Wal-Mart engaged in the discriminatory practices complained of with malice or with reckless indifference to Ms. Zens' federally protected rights under the ADA.

88.     Plaintiff is entitled to recover for punitive damages and for other damages which she has suffered.

WHEREFORE, Plaintiff Pamela W. Zens demands judgment jointly and severally against Defendants Wal-Mart Stores East, LP and Wal-Mart Associates, Inc., as follows:

(a)     For a declaration that the acts and practices complained of herein are in violation of Plaintiff's rights as secured by the ADEA, 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and/or the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*;

(b)     For an order reinstating Ms. Zens to her position at Defendant Wal-Mart's Luray Wal-Mart, or in a position with comparable duties and responsibilities and with equal pay and benefits as Ms. Zens would have received but for Wal-Mart's conduct in violation of the Title VII, the ADEA, 42 U.S.C. § 1981 and/or the ADA, and reinstating all benefits to which Ms. Zens would have been entitled but for the illegal termination of her employment, or in the alternative for an award of front pay and future benefits;

(c)     For a permanent injunction enjoining the Defendant from any conduct violating Ms. Zens' rights as secured by Title VII, the ADEA, 42 U.S.C. § 1981 and/or the ADA;

(d)     For an award of back pay, prejudgment interest, and appropriate recovery for lost employment benefits and other affirmative relief as may be appropriate, and for all other wages and benefits denied or lost;

(e)     For an award of liquidated damages pursuant to the ADEA;

(f)     For an award of compensatory damages under Title VII, 42 U.S.C. § 1981 and/or the ADA in an amount to be determined by the jury at trial;

(g)     For an award of punitive or exemplary damages under Title VII, 42 U.S.C. § 1981 and/or the ADA in an amount to be determined by the jury at trial;

(h)     For an award of attorneys' fees and costs incurred in this action, together with expert witness fees and expenses;

(i) For an award in an amount necessary to offset the adverse tax consequences of an award received in a lump sum;

(j) For an award of pre- and post-judgment interest on any monetary award; and

(k) For any other relief this Court deems to be just and proper.

>PAMELA W. ZENS
>By: s/Timothy E. Cupp
>Counsel

Timothy E. Cupp, VSB No. 23017
Shelley Cupp Schulte, P.C.
1951 Evelyn Byrd Avenue, Suite D
PO Box 589
Harrisonburg, Virginia 22803
(540)432-9988
(804)278-9634 (facsimile)
E-mail: cupp@scs-work.com

Blackwell N. Shelley, Jr., VSB No. 28142
Shelley Cupp Schulte, P.C.
2020 Monument Avenue
Richmond, Virginia 23220
(804)644-9700
(804)278-9634
Shelley@scs-work.com
Counsel for Plaintiff

### DEMAND FOR JURY TRIAL:

The Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in this action, this 4th day of May, 2017.

>s/Timothy E. Cupp
>Timothy E. Cupp, VSB No. 23017
>Counsel for Plaintiff